**IN THE UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF ARKANSAS**
**CENTRAL DIVISION**

**PHILLIP H. BRYANT** **PLAINTIFF**

**v.** **No. 4:26-cv-603-DPM**

**DARREN WOODS, Chairman/CEO Exxon Mobil Corporation** **DEFENDANT**

# ORDER

Bryant sues Woods, the chairman and CEO of Exxon Mobil. He says Exxon Mobil raised gas prices after Hurricane Katrina to repair its refineries, and then refused to lower prices after making the repairs. *Doc. 1 at 4.* Woods moves for dismissal. Bryant, in response, seeks to amend his complaint to name Exxon Mobil as the defendant. The Court will consider the whole—the complaint, the motions to amend, the proposed amended complaint, and the motion to dismiss.

*First,* Bryant lacks standing to sue for others who may have overpaid for gas. *Hodak v. City of St. Peters*, 535 F.3d 899, 904 (8th Cir. 2008).

*Second,* inferring that Bryant bought gas from Exxon Mobil, the Court lacks jurisdiction over his individual overpayment claims. *Hertz Corp. v. Friend*, 559 U.S. 77, 94 (2010). The federal statutes he cites—ERISA and the Defend Trade Secrets Act—don't apply here. *Doc. 1 at 3.* Bryant isn't the beneficiary of an employee benefit plan.

And he's not the owner of a misappropriated trade secret. That leaves his state law unjust enrichment claim. The difficulty there is the diversity statute's amount-in-controversy requirement. 28 U.S.C. § 1332(a). On the facts pleaded, there's no possibility Bryant overpaid $75,000 or more for Exxon Mobil gas during the applicable limitation period. *Standard Fire Insurance Co. v. Knowles*, 568 U.S. 588, 595–96 (2013).

The motion to dismiss, *Doc. 8*, is granted as modified. Bryant's complaint will be dismissed without prejudice. His motions to amend, *Doc. 12 & 14*, are denied because substituting Exxon Mobil for Woods is futile. *Zutz v. Nelson*, 601 F.3d 842, 852 (8th Cir. 2010).

So Ordered.

D.P. Marshall Jr.
United States District Judge

27 October 2026